UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TONY JIMENEZ, individually and on behalf of others similarly situated, Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 4:20-11346-TSH |
| v. | | |
| KOHL'S DEPARTMENT STORES, INC. and KOHL'S CORPORATION, Defendants. | | |

**MEMORANDUM AND ORDER ON MOVING DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY**
**(Docket No. 7)**

**August 14, 2020**

**HILLMAN, D.J.,**

Tony Jimenez ("Plaintiff") filed this class action against Kohl's Department Stores, Inc. and Kohl's Corporation ("Defendants"), alleging violations of the Massachusetts Minimum Fair Wages Act, M.G.L. c. 151, §§ 1A, 1B. Defendants move to dismiss, transfer, or stay the instant action pursuant to the first-to-file rule. (Docket No. 7). For the following reasons, the Court ***grants*** their motion and order this case transferred to the Eastern District of Wisconsin, Milwaukee Division.

**Discussion**

Under the first-to-file rule, "where the overlap between two suits is 'nearly complete[,]' the usual practice is for the court where the case was first filed to resolve the issues, and the other court to defer by either staying, transferring, or dismissing the action." *Thakkar v. United States*, 389 F. Supp. 3d 160, 170 (D. Mass. 2019) (quoting *TPM Holdings v. Intra-Gold Indus.*, 91 F.3d

1, 4 (1st Cir. 1996)) (alteration in original). "When deciding whether to apply the rule, courts must consider: (1) which action was filed first; (2) the similarity of the parties; and (3) the similarity of the issues." *Waithaka v. Amazon.com, Inc.*, 404 F. Supp. 3d 335, 350 (D. Mass. 2019), *aff'd*, No. 19-1848, 2020 WL 4034997 (1st Cir. July 17, 2020).

This test, however, should not "be applied in a mechanical way." *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 127 (D. Mass. 2012). Instead, courts should "assess[] the appropriateness of the first-filed rule on a case-by-case basis, without reference to rigid requirements regarding similarities between parties and claims." *Palagano v. NVIDIA Corp.*, No. 15-1248, 2015 WL 5025469, at *2 (E.D. Pa. Aug. 25, 2015). In class action cases, for example, because "the settlement process can be complicated and made burdensome, and even frustrated, if two courts are attempting to deal with" the same subject matter, and because defendants might be tempted to forum shop if similar actions were allowed to proceed in different forums, courts often will weigh whether efficiency considerations warrant consolidation "even if the claims in two separate class actions do not involve identical parties." *See Waithaka*, 404 F. Supp. 3d at 350 (citations and internal quotation marks omitted). In that vein, courts generally will transfer wage and hour actions under the first-to-file rule "when the collective identified in a state-law based second-filed action falls within the scope of a nationwide FLSA collective asserted in the first filed action," even if the first-filed action does not specifically plead the state-law based subclass. *See Lloyd v. J.P. Morgan Chase & Co.*, No. 11-9305, 2012 WL 3339045, at * 2 (S.D.N.Y. Aug. 14, 2012); *see also Palagano*, 2015 WL 5025469, at *4 (transferring a Pennsylvania-based action under the first-to-file rule where an earlier action asserted a nationwide class which included the Pennsylvania plaintiffs); *Fryda v. Takeda Pharmaceuticals North America*, No. 11-00339, 2011 WL 1434997, at *4–6 (N.D. Ohio Apr. 14, 2011) (transferring an Ohio-based action under the

2

first-to-file rule where an earlier action asserted a nationwide class which included the Ohio plaintiffs and the federal statute at issue applied the same standard as Ohio state law).

The Court determines that transfer[1] pursuant to the first-to-file rule is appropriate under these circumstances. The parties in this action are substantially similar to the parties in the *Collins* action. The defendants are identical, and the proposed class of Massachusetts plaintiffs is subsumed within the nationwide FLSA class conditionally certified in *Collins*. *See Thakkar*, 389 F. Supp. 3d at 172–73. The cases also raise substantially similar issues. Both allege that Defendants failed to compensate employees for overtime hours as required by law. Indeed, many of the statements in Plaintiff's complaint "track[], virtually verbatim, statements from the complaint in the [*Collins*] action." *See Wiley v. Gerber Prod. Co.*, 667 F. Supp. 2d 171, 172 (D. Mass. 2009). The named plaintiffs in *Collins* admittedly chose to only pursue their FLSA claims (i.e., not their Massachusetts law claims) on a class-wide basis,[2] but "[m]inor differences in potential damage relief between the FLSA and the Massachusetts state labor laws are insignificant for purposes of this analysis." *Waithaka*, 404 F. Supp. 3d at 351 (quoting *Mazzantini v. Rite Aid Corp.*, 829 F. Supp. 2d 9, 11 (D. Mass. 2011) (alteration in original)).

Plaintiff nonetheless asks the Court to deny Defendants' motion for reasons of judicial efficiency and equity. The Court, however, declines to find that these considerations weigh against transfer. *Collins* may be at a more advanced stage than this litigation, but the Eastern District of Wisconsin has postponed all jury trials in light of the COVID-19 pandemic, and as of

---

[1] The Court opts to transfer rather than stay or dismiss this action to accommodate Plaintiff's wishes. (Docket No. 12 at 9 n.3).
[2] They did, however, plead a Massachusetts subclass and assert violations of Massachusetts labor law in their complaint. *Cf. Wilkie v. Gentiva Health Servs.*, 2010 WL 3703060, at *4 (E.D. Cal. Sep. 16, 2010) (declining to transfer a second-filed suit pursuant to the first-to-file rule because the "California class is separate and distinct from any and all [of the first-filed actions] sub classes").

3

now, it is not clear when jury trials will resume, let alone how soon after that date the Eastern District of Wisconsin will able to schedule a trial in *Collins*. It thus is not impossible that these cases could be tried together.³ And while Plaintiff suggests that transfer to the Eastern District of Wisconsin risks imposing an "indefinite[] stay[]" on this litigation (Docket No. 12 at 7), the Court is not convinced Plaintiff is likely to receive any faster resolution before this Court than the Eastern District of Wisconsin. The District of Massachusetts, like the Eastern District of Wisconsin, is currently postponing jury trials, and even assuming it resumes trials in September as planned, this Court faces a large backlog of criminal and civil trials that likely would take precedence over a trial in this case. Under the circumstances, it is entirely speculative to say that a trial will happen earlier in the District of Massachusetts than the Eastern District of Wisconsin. In any event, even setting aside the issue of trial date, the Court finds it significant that at least one named plaintiff in *Collins* intends to proceed with her state law claim on an individual basis. Because the Eastern District of Wisconsin will need to address a Massachusetts state law claim factually identical to the claims raised here regardless of how the Court resolves Defendants' motion, retention of the instant case carries the risk of inconsistent judgments. And in the face of such risk, the Court believes that efficiency and equity considerations favor, rather than cut against, transfer.

## Conclusion

For the reasons stated above, the Defendants' motion is ***granted***. (Docket No. 7). The Court orders this case transferred to the Eastern District of Wisconsin, Milwaukee Division.

---

³ After all, although the *Collins* plaintiffs opted against seeking class certification for their state law claims, the parties presumably conducted some measure of discovery on them before plaintiffs made that decision. The Eastern District of Wisconsin may be able to streamline or expedite the pre-trial process to account for such discovery.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**